Center for Climate Strategies, Inc.,     :
                  Petitioner     :
                                    :
         v.                        :
                                    :
Department of Environmental     :
Protection,                     :     No. 594 C.D. 2017
                  Respondent     :     Submitted: July 20, 2018

BEFORE:     HONORABLE ROBERT SIMPSON, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE DAN PELLEGRINI, Senior Judge

OPINION
BY JUDGE FIZZANO CANNON          FILED: September 24, 2018

        Center for Climate Strategies, Inc. (CCS) petitions for review of the April 28, 2017 final determination of the Executive Deputy Secretary for Administration and Management, Commonwealth of Pennsylvania, Department of Environmental Protection (DEP) (Final Determination), denying CCS's protest of the rejection of its bid submission in response to a DEP invitation for bids as non-responsive to DEP's bid submission requirements. For the reasons that follow, we affirm.

        On January 31, 2017, DEP advertised Solicitation No. 6100041471 (Solicitation) on the PA eMarketplace website.[1] Final Determination, Findings of Fact (F.F.) 1. The Solicitation invited bids for a contract to provide DEP with

---

[1] PA. DEP'T OF GEN. SERVS., PA EMARKETPLACE, www.emarketplace.state.pa.us (last visited Sept. 11, 2018).

technical and economic analysis services in support of the development of a statewide climate change action plan update, pursuant to the Pennsylvania Climate Change Act.[2] F.F. 2. The Advertisement for Solicitation (Advertisement) specified, in bold print, that potential contractors "**must go to http://www.pasupplierportal.state.pa.us [the PA Supplier Portal] to complete this bid.**" F.F. 5. The advertisement further expressly stated, also in bold print, that "**[r]esponses to this bid will only be accepted electronically.**" F.F. 4 (emphasis in original). The due date for bid submissions was 2:00 p.m. on February 21, 2017.[3] F.F. 9.

At 1:32 p.m. on February 21, 2017, CCS contacted the help line for the PA Supplier Portal. F.F. 12. Although CCS was already registered with the PA Supplier Portal, CCS's representative explained to the help line that CCS's listed point of contact was not a current CCS employee and further that CCS could not locate its password for the PA Supplier Portal. F.F. 11, 13-14. The help line instructed CCS to send an email to the PA Supplier Portal inbox address to request a change of its point of contact and password information, which CCS accordingly did at 1:39 p.m. F.F. 15-16.

CCS did not timely submit its bid submission for the Solicitation via the PA Supplier Portal by the due date of 2:00 p.m. on February 21, 2017. F.F. 20. Instead, at 1:57 p.m. on February 21, 2017, CCS sent an email to three DEP

---

[2] Act of July 9, 2008, P.L. 935, 71 P.S. §§ 1361.1-1361.8.

[3] Bid submissions for the Solicitation were originally due by 2:00 p.m. on February 14, 2017. F.F. 6. However, a February 7, 2017 addendum extended the Solicitation's due date to February 21, 2017 at 2:00 p.m. F.F. 9.

employees[4] attaching its bid submission materials for the Solicitation. F.F. 17-18. CCS's email stated that CCS was submitting its bid documentation via email as "a failsafe measure, undertaken because we have encountered challenges with the submission via the PA Supplier Portal eMarketplace." F.F. 19.

Although CCS sent its materials via email prior to the deadline,[5] DEP rejected CCS's bid submission as non-responsive to the bid submission requirements. F.F. 22-23. CCS protested DEP's rejection of its bid submission by letter dated February 27, 2017 (Protest) and received by DEP on February 28, 2017. F.F. 24-25. In the Protest, CCS argued that DEP should have accepted CCS's bid submission as responsive because "all the procurement requirements for the proposal were completed and transmitted prior to the deadline and CCS had made reasonable attempts to submit the proposal by way of the portal but was prevented from doing so because the portal was unavailable to CCS without agency assistance, which, in turn, was not available prior to the deadline." F.F. 26; Protest at 1.

DEP's contracting officer (CO) recommended that the Protest be denied as non-responsive because CCS failed to submit its bid through the electronic bidding portal in a memorandum dated March 13, 2017 (CO Response). F.F. 27-29. CCS filed a reply to the CO Response by letter dated March 16, 2017 (Reply to the CO Response). F.F. 30. In its Reply to the CO Response, CCS argued first that its failure to properly submit the bid resulted from the PA Supplier Portal's inadequate technical support, and second that the Solicitation provided no guidance on

---

[4] CCS sent the email to Mark Brojakowski and Kelly Campbell, both of whom were DEP contacts for technical questions regarding the Solicitation, as well as to Sherry Morrow, DEP's contact person for the Solicitation's contracting and bidding procedures. F.F. 7-8, 17.

[5] No party disputes that CCS electronically transmitted its bid submission to DEP via email prior to the deadline.

3

registering points of contact or expected technical support wait times, to CCS's detriment.  F.F. 31-32.

On April 28, 2017, DEP's Executive Deputy Secretary filed the Final Determination, which denied the Protest because CCS failed to comply with the mandatory requirement that prospective contractors submit their bids through the PA Supplier Portal.  *See* Final Determination at 6.  This timely appeal followed.[6]

On appeal, CCS argues that DEP erred when it rejected CCS's emailed bid submission as non-responsive to the bid submission requirements of the Solicitation.  *See* CCS's Brief at 2-3, 6-9.  CCS argues that "all stated requirements in the January 31, 2017 Solicitation for Bids were satisfied" and that the Solicitation did not specify that bids needed to be submitted through the PA Supplier Portal.  *See id.* at 6-9.  We do not agree.

The Commonwealth Procurement Code, 62 Pa. C.S. §§ 101-2311, provides that all bid evaluation criteria for a Commonwealth contract solicitation must appear in the invitation for bids for the specific solicitation.  *See* 62 Pa. C.S. § 512(e).  This Court has further explained as follows:

> Where specifications set forth in a bidding document are mandatory, they must be strictly followed for the bid to be valid, and a violation of those mandatory bidding instructions constitutes a legally disqualifying error for which a public agent may reject a bid.

---

[6] This Court determines protest appeals of the Commonwealth Procurement Code, 62 Pa. C.S. §§ 101-2311, based on the record certified by the agency.  *Bureau Veritas N. Am., Inc. v. Dep't of Transp.*, 127 A.3d 871, 887 n.1 (Pa. Cmwlth. 2015); *see also* 62 Pa. C.S. § 1711.1(i).  Unless we determine the agency determination to be arbitrary and capricious, an abuse of discretion, or contrary to law, this Court must affirm the agency determination.  *Id.*

*Glasgow, Inc. v. Pa. Dep't of Transp.*, 851 A.2d 1014, 1017 (Pa. Cmwlth. 2004) (citation omitted). Bidding instructions control whether bidding specifications are considered mandatory or waivable. *See id.* (noting agency removed any discretion it had to waive certain submission errors by making the requirement in question mandatory in the bidding instructions). Bids that fail to conform to all mandatory requirements and criteria contained in an invitation for bids are non-responsive to the invitation.[7]

In the instant matter, the Solicitation's original invitation for bids explicitly stated that the invitation for bids included all documents attached to the invitation or incorporated by reference, as well as later-added addenda. *See* Invitation for Bid 35-140603 at 1. Therefore, the information and requirements contained in the Advertisement and posted on the PA eMarketplace website form part of the Solicitation's requirements/bid evaluation criteria. The Advertisement provided, in bold print:

> **Responses to this bid will <u>only</u> be accepted electronically.**

Advertisement (emphasis in original); *see also* F.F. 4. On the very next line, also in bold print, the Advertisement further provided:

> **You must go to http://www.pasupplierportal.state.pa.us to complete this bid.**

---

[7] The Commonwealth Procurement Code defines a "responsive bid" as "a bid which conforms in all material respects to the requirements and criteria in the invitation for bids." 62 Pa. C.S. § 103.

*Id.*; *see also* F.F. 5. Accordingly, in addition to requiring electronic submission, the Solicitation specified the exact electronic submission method prospective contractors would need to employ to properly electronically submit their bids. *Id.* The use of the definite and unambiguous language "only" and "must" made the PA Supplier Portal use submission requirement mandatory and thus non-waivable. The Solicitation's mandate was clear and easily understood: to be considered for the contract, prospective contractors needed to timely submit their bids via the PA Supplier Portal. CCS's failure to comply with this unambiguous mandatory requirement rendered its bid non-responsive, regardless of the timely submission of its bid through a different electronic submission method.

For the preceding reasons, the Executive Deputy Secretary's Final Determination was not arbitrary, capricious, an abuse of discretion, or contrary to law. Accordingly, we affirm the April 28, 2017 Final Determination's rejection of CCS's bid submission as non-responsive to the bid submission requirements of the Solicitation.[8]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[8] Given our determinations that (1) electronic submission via the PA Supplier Portal submission was mandatory, and (2) that DEP did not err by rejecting CCS's bid submission as non-responsive, this Court need not address CCS's further argument discussing the materiality of CCS's defect and the underlying merits of its bid submission for the Solicitation. *See* CCS's Brief at 10-13.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Center for Climate Strategies, Inc.,     :
             Petitioner     :
               :
         v.     :
               :
Department of Environmental     :
Protection,     :     No. 594 C.D. 2017
             Respondent     :

## O R D E R

AND NOW, this 24th day of September, 2018, the April 28, 2017 final determination of the Commonwealth of Pennsylvania, Department of Environmental Protection is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge